

**IT IS ORDERED as set forth below:**

**Date: August 8, 2019**

*Paul Baisier*

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | CASE NUMBER |
| **KHADENE WALKER,** | **19-62221-PMB** |
| Debtor. | CHAPTER 13 |
| **WINDCREST PARK TOWNHOME ASSOCIATION, INC.,** | |
| Movant, | |
| v. | CONTESTED MATTER |
| **KHADENE WALKER,** | |
| Respondent. | |

**ORDER DENYING MOVANT'S MOTION FOR ORDER
UNDER 11 U.S.C. § 362(C)(4)(A)(II) CONFIRMING NO STAY IN EFFECT**

This matter comes before the Court on an *Amended Emergency Motion for an Order Under § 362(c)(4)(A)(ii) Confirming that No Stay Under § 362(a) is in Effect* filed by the Movant on August 5, 2019 (the "Motion")(Docket No. 4). In the Motion, Movant seeks an order confirming

that no automatic stay is in effect in this bankruptcy case pursuant to 11 U.S.C. § 362(c)(4)(A)(ii), as Movant contends that the Debtor has two (2) prior bankruptcy cases that were "pending" within the one-year period preceding the filing date of this case.

According to the Court's records, the two (2) most recent bankruptcy cases filed by the Debtor are as follows:

1. 18-60850-pmb: filed June 29, 2018 and dismissed August 3, 2018;

2. 18-66538-pmb: filed October 1, 2018 and dismissed February 12, 2019.

This bankruptcy case was filed on August 5, 2019.

Section 362(c)(4)(A)(i) provides:

> [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case[.]

Relatedly, Section 362(c)(4)(A)(ii) states that "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect[.]" 11 U.S.C. § 362(c)(4)(A)(ii).

Here, Movant argues in a footnote in the Motion that the Debtor's first prior case, 18-60850-pmb, although dismissed on a date outside of the one-year period preceding the filing date of this case, was still "pending" within one (1) year of this case because it was not closed until August 23, 2018.[1] Because the first prior case was dismissed yet "pending" through August 23, 2018, Movant asserts that it falls within the one-year period referenced in Section 362(c)(4)(A)(i), thereby preventing a stay from going into effect in this case and entitling Movant to seek an order

---

[1] Movant also notes that the Debtor had a right to seek reconsideration of the dismissal order in the first prior case up until August 18, 2018, further indicating that the case was still "pending" at that point in time.

2

under Section 362(c)(4)(A)(ii) confirming that no automatic stay went into effect upon the filing of this case.

Section 362(c)(4)(A)(i) applies where the debtor has had two (2) prior cases that were pending but dismissed within the previous year, such that no stay ever comes into effect upon the filing of the third case. The threshold issue here is whether a case is "pending" under Section 362(c)(4)(A)(i) when it was dismissed more than one (1) year prior to the current case but was closed within one (1) year of the filing of the current case.

In a near identical scenario to the one *sub judice* (a case in which the debtor's prior case was dismissed prior to the one-year period but was closed within the one-year period), the bankruptcy court in *In re Moore*, 337 B.R. 79 (Bankr. E.D.N.C. 2005) was faced with the same question facing this Court: is a case "pending" after it has been dismissed but prior to its being closed? Turning first to the definition of "pending" in Black's Law Dictionary, the bankruptcy court in *Moore* noted that "pending" is defined as "remaining undecided; awaiting decision." *Id*. at 80-81 (citing BLACK'S LAW DICTIONARY 1169 (8th ed. 2004)). Accordingly, the court found that such definition suggests that because nothing remains undecided upon the dismissal of a case, a case is not "pending" after dismissal. *Id*. at 81.

The court in *Moore* also examined how other bankruptcy courts interpret the word "pending" in the context of 11 U.S.C. § 109(g), which provides that:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case *pending* under this title at any time in the preceding 180 days if--
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

3

> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(emphasis added). The court in *Moore* explained that, although there are no cases explicitly discussing if a case is "pending" after dismissal but prior to being administratively closed, "courts routinely calculate the 180–day period from the date of dismissal, not the date the case was closed." *Id*. (citing cases);[2] *see also In re Williams*, 363 B.R. 786, 788 (Bankr. E.D. Va. 2006) ("Courts have routinely equated 'pending' with 'not dismissed.'").

The *Moore* court reinforced its finding that a case is no longer "pending" once dismissed by looking at the related effects of dismissal under the Bankruptcy Code:

> It is also reasonable to conclude from a policy standpoint that a case is no longer "pending" once it has been dismissed. The automatic stay does not protect a debtor after the earlier of dismissal or the closing of the case. 11 U.S.C. § 362(c)(2). The debtor no longer receives the benefit of the automatic stay after dismissal. Further, the debtor has no control over when the case is closed after dismissal (though the debtor may be able to control when a case is dismissed if a voluntary dismissal is filed).

337 B.R. at 81. Accordingly, the court in *Moore* concluded that the dismissal date, and not the date of closing, is the relevant date for determining whether a case was "pending" within the applicable time periods under Section 362(c). Other bankruptcy courts have reached the same conclusion. *See e.g., In re Easthope*, 2006 Bankr. LEXIS 826 (Bankr. D. Utah Mar. 28, 2006); *In re Franklin*, 2006 Bankr. LEXIS 4085 (Bankr. D. S.C. June 12, 2006); *In re Williams*, 363 B.R. 786 (Bankr. E.D. Va. 2006); *In re Thomas*, 352 B.R. 751, 753, n.2, (Bankr. D. S.C. 2006).

---

[2] The *Moore* court also cites to *Hollowell v. Internal Revenue Service* (*In re Hollowell*), 222 B.R. 790, 794 (Bankr. N.D. Miss. 1998) as an additional context in which a court has construed "pending" as meaning that a case has not been dismissed: "[in *Hollowell*], the court concluded that the two-year look-back period in § 523(a)(1)(B)(ii) was tolled for the time the debtor's previous case was pending, plus an additional six months after dismissal, pursuant to 28 U.S.C. § 6503(b) and (h)." 337 B.R. at 81.

In light of plain meaning of "pending," as well as relevant considerations involved in construing the meaning of "pending" in Section 362(c)(4)(A)(i) derived from related sections of the Bankruptcy Code, the Debtor's first prior case was no longer "pending" once it was dismissed, irrespective of the date that the case was administratively closed by the Clerk's Office.  Here, the first prior case was dismissed on August 3, 2018, more than one year prior to the filing date of this case, August 5, 2019.  Accordingly, the Debtor only has one prior case that was pending but dismissed within the one-year period preceding this case, such that 11 U.S.C. § 362(c)(4)(A)(i) does not apply.  Movant is therefore not entitled to an order under 11 U.S.C. § 362(c)(4)(A)(ii) confirming no stay is in effect.

Based upon the foregoing, it is hereby

**ORDERED** that the Motion **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Movant, counsel for the Movant, the Debtor, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**